UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELICHA WILLIAMS, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-1861-B |
| | § | |
| QUICKTRIP CORPORATION d/b/a | § | |
| OKLAHOMA QUICKTRIP | § | |
| CORPORATION, | § | |
| | § | |
|   Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant QuickTrip Corporation d/b/a Oklahoma QuickTrip Corporation ("QuickTrip")'s Motion for Summary Judgment (Doc. 16). For the following reasons, the Court **GRANTS** QuickTrip's Motion and **DISMISSES** Plaintiff Felicha Williams's Complaint in its entirety **WITH PREJUDICE**. A final judgment will follow.

### I.

### BACKGROUND

Williams stopped at QuickTrip to use the store's bathroom. Doc. 27-2, Pl.'s App'x, 13. On her way to and from the bathroom, she passed several bright yellow "CAUTION WET FLOOR" signs that depicted a person falling. *See* Doc. 17-2, Def.'s App'x, 81–99. But she did not see the signs. Doc. 27-2, Pl.'s App'x, 22. When she was almost out of the store, Williams slipped on ice and water. *Id.* at 17. She injured her leg and head. *Id.* at 23.

Williams asserts claims for premises liability and negligence. Doc. 1-2, Pet., ¶¶ 7–11. QuickTrip moves for summary judgment on both claims. Doc. 16, Mot., 1. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). On a motion for summary judgment, the burden is on the movant to prove that no genuine issue of material fact exists. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 371–72 (5th Cir. 2002).

If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Latimer v. SmithKline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Once the movant has met its burden, the burden shifts to the non-movant, who must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). A non-moving party with the burden of proof must "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim," *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004), and "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting FED R. CIV. P. 56(e)). Finally, the evidence plaintiff proffers "must be competent and admissible at trial." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

## III.

## ANALYSIS

The Court **GRANTS** QuickTrip summary judgment on Williams's negligence and premises liability claims because there is no genuine dispute of material fact. Both claims are **DISMISSED WITH PREJUDICE**.

A. *There Is No Genuine Issue of Material Fact on Williams's Premises Liability Claim.*

First, Williams failed to show there is a genuine issue of material fact on her premises liability claim, so QuickTrip is entitled to judgment as a matter of law. A plaintiff must establish four elements to prevail on a premises liability claim. First, "the condition posed an unreasonable risk of harm." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). Second, "the property owner failed to take reasonable care to reduce or eliminate the risk." *Id.* A plaintiff cannot establish this element "if the property owner either adequately warned [her] about the condition or took reasonable actions designed to make it reasonably safe." *Id.* at 252; *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996). Third, "the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." *Henkel*, 441 S.W.3d at 251–52. Fourth, an invitee-

plaintiff need only show "the property owner had actual or constructive knowledge of the condition causing the injury." *Id.* at 251. But a licensee-plaintiff must show the "defendant had actual knowledge of the danger," and that the licensee did not. *Williams*, 940 S.W.2d at 584.

Here, Williams cannot establish her claim because QuickTrip adequately warned her as a matter of law. A defendant does not have a duty to "take reasonable care to reduce or eliminate the risk" if it adequately warns the plaintiff of the danger. *Henkel*, 441 S.W.3d at 251. As a result, an adequate warning negates an element of a premises liability claim. *Id.* at 252.

To be adequate, "a warning must notify of the particular condition" that is dangerous. *Bisacca v. Pilot Travel Ctrs., LLC*, 476 F. Supp. 3d 429, 435 (N.D. Tex. 2020) (Lindsay, J.) (citing *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 765 (Tex. 2009)). A plaintiff need not see a warning for the warning to be adequate. *Estes v. Wal-Mart Stores Tex., L.L.C.*, No. 3:16-CV-02057-M, 2017 WL 2778108, at *3 (N.D. Tex. June 27, 2017) (Lynn, C.J.). While "the adequacy of a warning generally presents a question of fact, . . . it can be considered as a matter of law if the evidence conclusively establishes that the property owner adequately warned of the condition." *Marquez v. QuikTrip Corp.*, No. 4:22-CV-00319-O, 2023 WL 2816861, at *3 (N.D. Tex. Apr. 6, 2023) (O'Connor, J.) (quotation omitted).

Here, the evidence conclusively establishes that QuickTrip adequately warned Williams that the floor was wet. Williams walked by multiple bright yellow signs that warned, "CAUTION WET FLOOR," and depicted a person falling. Doc. 17-2, Def.'s App'x, 81–99; *see also* Doc. 27-3, Pl.'s App'x, 7 (displaying a close-up image of one of the signs). One of the signs was a few feet from where she fell. *See* Doc. 27-3, Pl.'s App'x, 7. Courts have routinely found similar situations to conclusively establish that a plaintiff was adequately warned. *See, e.g. Bisacca*, 476 F. Supp. 3d at 436 (granting

summary judgment because a plaintiff was adequately warned when a "CAUTION Wet Floor" sign with a "diagram of a person slipping and falling" was placed in the area where plaintiff fell); *Estes*, 2017 WL 2778108, at *3 (granting summary judgment because a plaintiff was adequately warned when defendant placed "CAUTION WET FLOOR" cones in the entrance area where plaintiff fell); *Golden Corral Corp. v. Trigg*, 443 S.W.3d 515, 520 (Tex. App.–Beaumont 2014, no pet.) (reversing judgment for plaintiff because the evidence "conclusively established that Golden Corral warned of the wet floor and that the warning was adequate" when a wet floor sign was placed several feet from where she fell). Even if Williams did not see the signs, Doc. 27-2, Pl.'s App'x, 22, QuickTrip's warning was adequate. *See Estes*, 2017 WL 2778108, at *3.

Williams argues the warning was inadequate because it was not in the area where she fell. Doc. 27, Pl.'s Resp., 8. She cites *Marquez* to argue that "warning cones placed in other areas [did] not conclusively demonstrate" an adequate warning. *Id.*; *see also Marquez*, 2023 WL 2816861, at *4. But in *Marquez*, the court found a genuine dispute because "while Plaintiff passed three warning cones on her way to the QuikTrip restroom, none of them were located in the restroom where Plaintiff fell." 2023 WL 2816861, at *4. But here, the warning sign was not in a different room. Instead, it was on the same tile floor and within several feet of where Williams fell. In fact, Williams's evidence indicates there was a sign about five tiles from where she fell. Doc. 27-3, Pl.'s App'x, 7; Doc. 17-2, Def.'s App'x, 99. Thus, the sign was close enough to where Williams fell to conclusively establish she was adequately warned. *See Love v. Starbucks Corp.*, No. SA-17-CA-405-FB, 2018 WL 6588577, at *5 (W.D. Tex. Sept. 28, 2018) (granting summary judgment to Starbucks because it had adequately warned a plaintiff when a "wet floor sign was located approximately 4 to 5 tiles away from" where she fell). This means that QuickTrip's warning was adequate, and that Williams cannot

establish the second element of her premises liability claim. Accordingly, the Court grants QuickTrip summary judgment on Williams's premises liability claim. *Henkel*, 441 S.W.3d at 251–52.

B.     *There is No Genuine Issue of Material Fact on Williams's Negligence Claim.*

Second, there is no genuine issue of material fact on Williams's negligence claim, so QuickTrip is entitled to judgment as a matter of law on this claim. The Texas Supreme Court has "repeatedly declined to eliminate all distinction between premises conditions and negligent activities." *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 388 (Tex. 2016) (quotations and alterations omitted). While a negligence "claim requires that the claimant's injury result from a contemporaneous activity itself," a premises liability "claim is based on the property itself being unsafe." *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Therefore "slip/trip-and-fall cases have consistently been treated as premises defect causes of action." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (quoting *Sampson*, 500 S.W.3d at 391); *see also H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992) (holding a plaintiff alleged only a premises liability claim because "it is undisputed that she was injured by a condition of the premises—a puddle of water, chicken blood, and other fluids that had accumulated on the floor—rather than a negligently conducted activity").

Here, Williams's negligence claim fails because there is no dispute that she was injured by a condition of the premises as opposed to a negligent activity. *See id.* Williams asserts she fell on ice and water on the floor. Doc. 27-2, Pl.'s App'x, 17; Doc. 27, Pl.'s Resp., 1. QuickTrip concedes "she slipped on a substance." Doc. 17, Def.'s Br., 1. Therefore, "it is undisputed that she was injured by a condition of the premises—a puddle." *Warner*, 845 S.W.2d at 259. Williams argues the puddle only remained on the floor because QuickTrip negligently failed to monitor the area or train its

employees to do so. Doc. 27, Pl.'s Resp., 9–10. This does not establish a negligence claim because she asserts no facts suggesting she fell because of a contemporaneous activity that caused the puddle. *See Shumake*, 199 S.W.3d at 284. Accordingly, Williams's negligence claim is dismissed with prejudice.

### IV.

### CONCLUSION

For the reasons discussed above, the Court **GRANTS** QuickTrip's Motion for Summary Judgment (Doc. 16). The Court **DISMISSES** Williams's Complaint in its entirety **WITH PREJUDICE**. A final judgment will follow.

SO ORDERED.

SIGNED: May 7, 2025.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE